UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAQUEL NICOLE KOPSOLIAS,

          Petitioner,

                                  CASE NO. 2:07-CV-10138
v.                             HONORABLE ANNA DIGGS TAYLOR

SUSAN DAVIS,

          Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Raquel Nicole Kopsolias

("Petitioner"), a state prisoner currently confined at the Huron Valley Women's Complex in

Ypsilanti, Michigan, alleges that her sentence is disproportionate and that the trial court did not

have substantial and compelling reasons to justify an upward departure from the state sentencing

guidelines. For the reasons set forth below, the Court summarily dismisses the petition for writ

of habeas corpus.

I.

      Petitioner pleaded guilty to one count of first-degree child abuse in the Wayne County

Circuit Court and was sentenced to 7 ½ to 15 years imprisonment in 2004. Petitioner filed a

delayed application for leave to appeal with the Michigan Court of Appeals asserting that: (1)

her sentence, which is nearly three times the minimum sentencing guideline, is disproportionate

and (2) that there are no substantial and compelling reasons to justify an upward departure from

the sentencing guidelines. The Michigan Court of Appeals denied leave to appeal for lack of

merit in the grounds presented. *People v. Kopsolias*, No. 262850 (Mich. Ct. App. Aug. 10,

1

2005). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same issues, which was denied because the court was not persuaded that the questions presented should be reviewed. *People v. Kopsolias*, 474 Mich. 980, 707 N.W.2d 200 (2005).

Petitioner signed the instant petition on December 26, 2006, and it was filed by the Court on January 8, 2007. In her pleadings, Petitioner raises the same sentencing claims presented to the Michigan courts on direct appeal of her conviction.

## II.

Promptly after the filing of a petition for writ of habeas corpus, a district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the fact of the petition and any exhibits attached that the petitioner is not entitled to relief in the district court...." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *see also Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

### A. Sentencing Proportionality Claim

Petitioner first asserts that she is entitled to habeas relief because her sentence is disproportionate, *see People v. Milbourn*, 435 Mich. 630, 461 N.W.2d 1(1990). Petitioner's assertion that her sentence is disproportionate under state law fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). It is well-

established that habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner has failed to state a claim upon which habeas relief may be granted as to this issue.

Additionally, Petitioner is not entitled to relief on any claim that her sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *Thomas*, 49 F.3d at 261.

Petitioner was sentenced to 7 ½ to 15 years imprisonment on her first-degree child abuse conviction. While this sentence may exceed the minimum guideline range, it is within the statutory maximum of 15 years imprisonment. *See* Mich. Comp. L § 750.136b(2). The state court thus acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between her crime and sentence so as to offend the Eighth Amendment. Habeas relief is not warranted on this claim.

## B. Sentencing Departure Claim

Petitioner relatedly asserts that she is entitled to habeas relief because the trial court did

3

not have substantial and compelling reasons to justify an upward departure from the minimum

sentencing guidelines. As noted, claims which arise out of a state trial court's sentencing

decision are not normally cognizable upon habeas review unless the petitioner can show that the

sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v.*

*Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner's claim that the trial court erred in departing above the guideline range is not

cognizable on federal habeas review because it is a state law claim. *See McPhail v. Renico*, 412

F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D.

Mich. 2001). Any error in departing above the guideline range does not merit federal habeas

relief.[1] State courts are the final arbiters of state law and the federal courts will not intervene in

such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328

(6th Cir. 1987). Petitioner has thus failed to state a claim upon which habeas relief may be

granted as to this issue.

III.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas

relief on the claims raised in her petition. Accordingly, the Court **DENIES** and **DISMISSES**

**WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

DATED: January **23**, 2007

---

[1]Moreover, the record reveals that the trial court had substantial and compelling reasons to depart above the guidelines – the fact that the victim was a four-month old baby who suffered skull, leg, and arm fractures and died from craniocerebral trauma.

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Opinion and Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail **(Racquel Nicole Kopsolias, #496647, Huron Valley Complex/Women's 3511 Bemis Road, Ypsilanti, MI 48197)** disclosed on the Notice of Electronic Filing on **January 23, 2007**.

<u>s/Johnetta M. Curry-Williams</u>
Case Manager